SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FERDELL F. HARVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  12-1630 (RLW) |
| | ) | |
| | ) | |
| U.S. FEDERAL PROBATION & | ) | |
| PAROLE/COURT SERVICE AND | ) | |
| OFFENDER SUPERIVISION AGENCY | ) | |
| FOR THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION[1]

Petitioner, a District of Columbia felon on supervised release, seeks a writ of habeas

corpus.  At the commencement of this action on October 1, 2012, petitioner claimed that he was

"under the jurisdiction of the United States Federal Probation and Parole, but being supervise[d]

---

[1]  This unpublished memorandum opinion is intended solely to inform the parties and any
reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future
analysis of the res judicata, law of the case, or preclusive effect of the ruling. The Court has
designated this opinion as "not intended for publication," but this Court cannot prevent or
prohibit the publication of this opinion in the various and sundry electronic and legal databases
(as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion
by counsel. *Cf.* Fed. R. App. P. 32.1.  Nonetheless, as stated in the operational handbook adopted
by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished
disposition means that the Court sees no precedential value in that disposition."  D.C. Circuit
Handbook of Practice and Internal Procedures 43 (2011).

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

by the District of Columbia, Court Services.[2]  Pet. for Writ of Habeas Corpus by a Person in

Custody in the District of Columbia ("Pet.") [Dkt. # 1] at 8.  In a rather confusing argument,

petitioner claims that the three-year supervised release portion of his federal sentence "should

have absorb[ed]" the remaining time on his D.C. sentence; therefore, he should be under the

supervision of the U.S. Probation Office rather than the Court Services and Offender Supervision

Agency ("CSOSA"), which supervises D.C. Code offenders who are under the authority of the

United States Parole Commission.  Pet. at 5, 8; *see* Fed. Resp't's Mot. to Dismiss the Pet'r's Pet.

for a Writ of Habeas Corpus ("Resp't's Mot.") [Dkt. # 8] at 1 (summarizing petitioner's claim);

D.C. Code § 24-133(c) (listing CSOSA's functions).

          In their motion filed on January 2, 2013, respondents contend that the petition is moot

since, as a result of petitioner's completion of the D.C. sentence, "the Commission's and

CSOSA's supervision have been terminated and [petitioner's] federal supervision has recently

been transferred to U.S. Probation for the District of Columbia."  Resp't's Mot. at 6; *see id*. at 3.

Petitioner "agrees in-part with the respondents and respectfully disagree[s] with the

respondents."  Pro Se Pet'r Ferdell Harvey['s] Mot. in Response to the Resp't's Mot. to Dismiss

the Pet'r's Pet. for a Writ of Habeas Corpus [Dkt. # 9].  Petitioner does not dispute that he is no

---

[2]     By way of background, the Superior Court of the District of Columbia sentenced petitioner
on May 5, 1981 to a prison sentence of 19 years for robbery and related offenses.  *See Harvey v.
Driver*, No. 1:06CV180, 2008 WL 149129, at * 2, n.2 (N.D.W.Va. Jan. 11, 2008).  The
petitioner was first released to parole on August 26, 1992.  *Id*. "From February 17, 1998, through
May 29, 2003, the petitioner served a 5382 day parole violation term."  *Id*. at *2.  Meanwhile, on
November 8, 2002, the United States District Court for the District of New Jersey sentenced
petitioner to 120 months' imprisonment after his conviction on June 5, 2002, for "knowingly and
willfully assaulting a federal officer in performance of his official duties and causing bodily
injury."  *Harvey v. U.S.*, No. 05-2654, 2006 WL 477005, at *1 (D.N.J. Feb. 27, 2006).

longer under CSOSA's supervision and is under the U.S. Probation Office's supervision.  Rather,

he disagrees with "respondents to motion the Court to Dismiss the Evidentiary Nature of the

language of the U.S. Parole Commission dated May 29, 2003 (Notice of Action) which was to

run concurrent with [the federal sentence], and not consecutive . . . ."  *Id.* at 1.  Notwithstanding

the fact that the Commission's parole decision in 2003, *see* Resp't's Ex. F, has nothing to do

with the issue at hand, petitioner's suggestion that his federal sentence was to run concurrently

with his D.C. sentence is belied by the record.  *See* Resp't's Ex. E (D.N.J. Judgment at 2) ("The

term of imprisonment  . . . shall run consecutively to the defendant's imprisonment under any

previous state or federal sentence); *see also Harvey v. Driver*, No. 1:06CV180, 2008 WL

149129, at * 2, n.2 (N.D.W.Va. Jan. 11, 2008) (Petitioner's "federal conviction was ordered to

run consecutive to his [D.C.] parole violator term.").

     For the foregoing reasons, the Court will grant respondent's motion to dismiss this habeas

action as moot.[3]  A separate Order accompanies this Memorandum Opinion.


                                        _____
                                        ROBERT L. WILKINS
                                        United States District Judge

Date:  May 3, 2013

---

[3]  Even if the case is not moot, the petition presents no grounds for issuing a writ of habeas
corpus since petitioner has not claimed  -- and the Court does not find -- that his supervision
violates "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).